UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JENNIE LANDSMAN, on behalf of herself and    :
her minor child, J.L.,                       :
                                             :
                 *Plaintiffs*,               :
                                             :
        -against-                            :     23-cv-6404 (PAC)
                                             :     **ORDER**
DAVID C. BANKS et al.,                       :
                                             :
                 *Defendants*.               :
------------------------------------------------------------X

Plaintiff Jennie Landsman, proceeding on behalf of herself and her minor son, J.L., moves the Court to enter a temporary restraining order ("TRO") and preliminary injunction ("PI") requiring the New York City Department of Education ("DOE") to reimburse her for services provided to J.L. for the 2022-2023 school year at the International Academy for the Brain ("iBRAIN") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq*. Plaintiff also requests judgment declaring that J.L.'s pendency placement or program for the 2023–2024 school year is at iBRAIN, includes J.L.'s related services, and that the Court direct the DOE to fund J.L.'s pendency placement "throughout the pendency of all administrative and judicial proceedings relative to" J.L.'s Due Process Claim for the 2023–2024 school year.

On March 31, 2023, Plaintiff received a partially favorable determination from an Independent Hearing Officer (or "IHO") entitling J.L. to a free appropriate public education ("FAPE") and related services for the 2022-2023 school year. ECF No. 1-1 ("IHO Order"). On July 14, 2023, a State Reviewing Officer (or "SRO") affirmed in part and reversed in part the IHO findings, rendering this decision more favorable to Plaintiff. ECF No. 1-2 ("SRO Order"). The DOE did not appear in the initial IHO proceeding to dispute the material facts. IHO Order at 2. As the Court denies the motion, it assumes *arguendo* all facts are accurate.

1

J.L. suffers from astigmatism, farsightedness, seizures, and hypotonia. SRO Order at 2. Additionally, J.L. suffers from Canavan disease, which causes the breakdown of white matter in the brain. *Id.* at 2–3. J.L. was non-verbal and non-ambulatory, with a host of severe impairments ranging from cognitive to gross and fine motor skills. *Id.* at 3, 12. The Committee on Special Education classified J.L. as a student with a "traumatic brain injury" entitled to special education services. *Id.* On June 17, 2022, unhappy with the individualized education program ("IEP") for her son, Plaintiff provided the DOE with notice of her intent to unilaterally place J.L. at the International Academy for the Brain ("iBRAIN") for the 2022-2023 extended school year. *Id.* at 4. On October 18, 2022, Plaintiff filed a Due Process Compliant against the DOE, alleging that it failed to provide J.L. with a FAPE for the 2020-2021, 2021-2022, and 2022-2023 school years. *Id.* Plaintiff sought reimbursement for the unilateral placement at iBRAIN for the 2021–2022 (in part) and 2022–2023 school years, as well as several related services unilaterally obtained, including private duty nursing services, a paraprofessional, and transportation. *Id.* at 4. The IHO granted Plaintiff reimbursement for the 2022–2023 school year and for related services "upon iBrain's submission to the DOE of an itemized invoice with an accompanying affidavit sworn by each service provider" attesting to their qualifications and the services rendered. IHO Order at 13. The IHO also ordered the DOE to provide appropriate transportation or reimbursement—up to $345 per daily trip and up to two daily trips—to the extent that J.L. used the services. *Id.* at 14. The SRO affirmed these instructions on July 14, 2023, but also reversed the IHO Order in part by finding that Plaintiff was entitled to full reimbursement of all transportation pursuant to her contract with Sisters Travel and Transportation Services, LLC ("Sisters") up to $345 per daily trip twice a day, regardless of when J.L. actually used the service. SRO Order at 25–26.

Separately, on June 20, 2023, Plaintiff informed DOE of her intent to unilaterally enroll J.L. at iBRAIN for the 2023–2024 school year.  According to Plaintiff, on July 20, 2023, Plaintiff filed another Due Process claim with the DOE.  On July 24, 2023, Plaintiff filed this action, and now seeks emergency relief from this Court to (1) enforce the SRO order; (2) declare J.L.'s placement at iBRAIN is his proper placement during the pendency of proceedings; and (3) direct the DOE to pay iBRAIN directly.

The Court finds neither a TRO nor a PI warranted.  "It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction." *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008).  "To receive a preliminary injunction, Plaintiffs must show (1) a likelihood of success on the merits, (2) that they are likely to suffer irreparable injury, (3) that the balance of hardships tips in their favor, and (4) that the public interest would not be disserved by the issuance of a preliminary injunction." *Mendez v. Banks*, No. 1:22-CV-08397 (MKV), 2022 WL 6807537, at *1 (S.D.N.Y. Oct. 11, 2022) (cleaned up), *aff'd*, 65 F.4th 56 (2d Cir. 2023).  The Court finds emergency relief inappropriate.

Plaintiff only received the SRO two weeks ago and, as stated on the record by Defendants' counsel, they have been in contact with DOE, which is purportedly processing their payments.  Plaintiffs conceded that there would be no harm if they received the payments from DOE within the "three weeks to a month" that Defendant asserts is common practice.  This means, by Plaintiff's own admission, a 14-day delay is insufficient to claim that Defendants failed to meet their obligation.  Further, because this particular SRO Order merely entitles Plaintiff to reimbursement, failure to comply would not create the type of injury cognizable for emergency injunctive relief.  *See Loveridge v. Pendleton Woolen Mills, Inc.*, 788 F.2d 914, 918 (2d Cir. 1986) ("[W]here money

damages are adequate compensation, a preliminary injunction will not issue since equity should not intervene where there is an adequate remedy at law.").

Regarding J.L.'s pendency placement at iBRAIN, the Court finds Plaintiff's submission deficient and premature. The "stay-put" provision of the IDEA provides that "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child." *De Paulino v. New York City Dep't of Education*, No. 19 CIV. 222 (GBD), 2019 WL 1448088, at *3 (S.D.N.Y. Mar. 20, 2019), *aff'd sub nom. Ventura de Paulino v. New York City Dep't of Educ.*, 959 F.3d 519 (2d Cir. 2020) (quoting 20 U.S.C. § 415(j)). If the "IDEA's stay-put provision is implicated, the provision triggers the applicability of an automatic injunction designed to maintain [a child's] educational status quo while the parties' IEP dispute is being resolved." *L.A. v. New York City Dep't of Educ.*, No. 1:20-CV-05616-PAC, 2020 WL 5202108, at *4 (S.D.N.Y. Sept. 1, 2020).

Nevertheless, such relief is not warranted here. First, Plaintiff did not provide the Court with any documentation to establish she has a Due Process claim pending, other than her assertion that she does in her moving papers and in her complaint. "A mandatory preliminary injunction should issue only upon a clear showing that the moving party is entitled to the relief requested." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (quotations omitted). While the stay-put provision warrants automatic relief, it only does so where there are "during the pendency of any [administrative and judicial] proceedings conducted pursuant to this section." *Ventura de Paulino*, 959 F.3d at 531 (quoting 20 U.S.C. § 1415(j)). Plaintiff has not established that there are pending proceedings by a clear showing, and relief is not warranted.

Even assuming *arguendo* that Plaintiff does have proceedings pending before an IHO, the Court notes that this request is premature in light of the Second Circuit's holding in *Mendez v. Banks*, 65 F.4th 56 (2d Cir. 2023).  Although the Second Circuit made a distinction between the automatic injunction that falls into place pursuant to the "stay-put" provision with respect to educational placement and funding, the Court also expressed concern about the plaintiffs "sprint[ing]" to court "immediately after obtaining favorable pendency rulings and before several of the children had received the formal pendency orders." *Id.* at 60.  The Court shares this concern because Plaintiff here "sprinted" to federal court mere days after commencing proceedings, before she even received an IHO to hear her Due Process Claim, and with no indication that her child's enrollment at iBRAIN would be threatened.  To allow Plaintiff to come to federal court before "the practical realities of bureaucratic administration" could even allow the commencement of the Due Process proceedings at issue would entirely circumvent the administrative process to a point where it would be rendered utterly pointless.  *Id.* at 63.

Finally, with respect to pendency funding (even putting aside the deficiencies in the pendency placement request), the Court declines to direct DOE pay iBRAIN.  "Parents or guardians may [] be able to obtain such relief if they establish that a delay or failure to pay has jeopardized their child's educational placement. But absent such a showing, the DOE is not obliged to circumvent its ordinary payment procedures." *Id.* at 63.  Plaintiff has made no showing that J.L. is in danger of losing his placement at iBRAIN.  Indeed, Plaintiff *conceded* that J.L. is not in danger of losing his placement.  Plaintiff therefore has not demonstrated likelihood of an irreparable injury, and emergency injunctive relief is inappropriate.

## **CONCLUSION**

For the foregoing reasons, the Plaintiff's motion for a temporary restraining order and preliminary injunction is **DENIED** without prejudice to renewal.

Dated: New York, New York
      July 31, 2023

SO ORDERED

_____
HONORABLE PAUL A. CROTTY
United States District Judge